|  |  |
|---|---|
| UNITED STATES DISTRICT COURT | |
| DISTRICT OF NEVADA | |

| | |
|---|---|
| The United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Michael Hall,<br><br>    Defendant | 2:12-cr-00132-JAD-CWH-3<br><br>**Order Denying Motion to Vacate Sentence**<br><br>[ECF Nos. 197, 200] |

    Federal inmate Michael Hall was convicted of four counts of interference with commerce by robbery under the Hobbs Act, 18 U.S.C. § 1951, and one count of violating 18 U.S.C.§ 924(c)(1)(A)(ii), which imposes a mandatory minimum seven-year sentence enhancement for brandishing a firearm during a crime of violence. Hall received 110-month, concurrent sentences for each of the robberies, plus an additional seven years for the brandishing charge. Hall contends that intervening law, particularly *Johnson v. United States*[1]—in which the Supreme Court struck down the residual clause of the Armed Career Criminal Act's crime-of-violence sentencing enhancement as unconstitutional— renders his § 924(c) conviction and sentence invalid. Because the predicate offense that triggered Hall's § 924(c) enhancement was Hobbs Act robbery, which qualifies as a crime of violence under 924(c)'s force clause regardless of the continued viability of its residual clause after *Johnson*, I deny his motion.

## Background

    Michael Hall and three co-defendants were indicted after a single-day spree of four convenience-store armed robberies. The ten-count indictment charged the group with four counts of interference with commerce by robbery under the Hobbs Act, 18 U.S.C. § 1951 ("Hobbs Act robbery"), one count of conspiracy to interfere with commerce by robbery, and five counts of brandishing a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)—one specifically

---

[1] *Johnson v. United States*, 135 S. Ct. 2551 (2015).

tied to each of the five predicate offenses.[2]  All four defendants entered guilty plea agreements. Hall pled to all four robbery counts and the second of the § 924(c) counts, which charged him with brandishing a firearm "during and in relation to the crime of violence charged in Count Three of th[e] indictment," which was the first of the Hobbs Act robbery charges.[3]  Hall's plea was accepted and he was sentenced to 110 months per count concurrent on the robbery charges. He also received the mandatory minimum seven-year sentence required by § 924(c)(1)(A)(ii) for the brandishing charge on top of the 110 months for the other counts, for a total sentence of 194 months.[4]

The Hobbs Act—which was the basis for Hall's substantive charges— "prohibits any robbery or extortion or attempt or conspiracy to rob or extort that 'in any way or degree obstructs, delays or affects commerce or the movement of any article or commodity in commerce.'"[5]  The basis for his remaining charge, 18 U.S.C. § 924(c), separately criminalizes using or carrying a firearm in relation to a "crime of violence" and imposes mandatory, consecutive minimum sentences. Section 924(c) defines "crime of violence" in two ways. Section 924(c)(3)**(A)**, also known as the statute's "force clause," includes a felony offense that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." Section 924(c)(3)**(B)**, known as the "residual clause" of the statute, encompasses any felony offense "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense."

In *Johnson v. United States*, the Supreme Court tested the constitutionality of the residual clause of another subsection of § 924—§ 924(e), known as the Armed Career Criminal Act ("ACCA"). Under the ACCA, "a defendant convicted of being a felon in possession of a firearm faces more severe punishment if he has three or more previous convictions for a 'violent felony,' a

---

[2] ECF No. 1 (indictment).

[3] ECF No. 150.

[4] ECF No. 190 (judgment).

[5] *United States v. Rodriguez*, 360 F.3d 949, 953 (9th Cir. 2004) (quoting 18 U.S.C. § 1951(a)).

term defined to include any felony that 'involves conduct that presents a serious potential risk of physical injury to another.'"[6] The High Court evaluated the clause's violent-felony definition using the "framework known as the categorical approach," which "assesses whether a crime qualifies as a violent felony 'in terms of how the law defines the offense and not in terms of how an individual offender might have committed it on a particular occasion.'"[7] It concluded that "the residual clause produces more unpredictability and arbitrariness than the Due Process Clause tolerates," and held it void for vagueness.[8] In *Welch v. United States*, the Court held that *Johnson* is a substantive decision that is retroactive on collateral review.[9]

Hall moves to vacate his sentence under 28 U.S.C. § 2255, arguing that *Johnson* renders his seven-year, crime-of-violence sentence enhancement under § 924(c) unconstitutional.[10] Even if I were to conclude that 924(c)'s residual clause is unconstitutional under *Johnson*, Hall's motion fails because his Hobbs Act robbery conviction qualifies as a crime of violence under section 924(c)'s force clause.

## Discussion

**A.     Hobbs Act robbery is a crime of violence.**

The Ninth Circuit confirmed as recently as last year that Hobbs Act robbery qualifies as a crime of violence under section 924(c)'s force clause.[11] In *U.S. v. Howard*, the court explained in an unpublished decision that there is no way to commit Hobbs Act robbery without putting the victim in fear of *bodily* harm—and that this sort of fear qualifies as actual or threatened physical force

---

[6] *Johnson*, 135 S. Ct. at 2555 (quoting 18 U.S.C. § 924(e)(2)(B)).

[7] *Id*. at 2557 (quoting *Begay v. United States*, 553 U.S. 137, 141 (2008)).

[8] *Id*. at 2558.

[9] *Welch v. United States*, 136 S. Ct. 1257 (2016).

[10] ECF No. 199.

[11] *United States v. Howard*, 2016 WL 2961978, at *1 (9th Cir. May 23, 2016) (unpublished), *as amended* June 24, 2016 (holding that Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c) by comparing it to federal bank robbery under § 2113(a) and relying on *United States v. Selfa*, 918 F.2d 749 (9th Cir. 1990)).

under § 924(c).[12] I, too, recently explained at length why a conviction for Hobbs Act robbery qualifies as a crime of violence under § 924(c): by "placing someone 'in fear of injury' to his person or property," the defendant uses the sort of "physical force" that satisfies § 924(c).[13] Hall has not persuaded me otherwise. And the Ninth Circuit and I are not outliers in this viewpoint. District courts and other circuit courts—both before and after *Johnson*—overwhelmingly agree that Hobbs Act robbery qualifies as a crime of violence under § 924(c)'s force clause.[14]

Hall contends that Hobbs Act robbery can be committed by merely instilling "fear" in a victim and that this does not equate to § 924(c)'s definition.[15] He also contends that Hobbs Act robbery can be committed with de minimis force, which is not enough to be "violent force."[16] As to whether one can commit Hobbs Act robbery with too little force to qualify as the sort of violent force contemplated by § 924(c), I agree with the weight of authority that finds this argument "wholly unavailing."[17] Even if there is some theoretical possibility that Hobbs Act robbery may be

---

[12] *Id.* at 1–2.

[13] *United States v. Smith*, 2016 WL 2901661, at *4 (D. Nev. May 18, 2016) (discussion incorporated herein).

[14] *See, e.g.*, *U.S.A. v. Dorsey*, 2016 WL 3381218, at *2 (C.D. Cal. June 8, 2016); *United States v. Bundy*, 2016 WL 8730142, at *24 (D. Nev. Dec. 30, 2016); *United States v. Hill*, 832 F.3d 135, 144 (2d Cir. 2016); *In re Saint Fleur*, 824 F.3d 1337, 1340 (11th Cir. 2016); *United States v. Crawford*, 2016 WL 320116, *3 (N.D. Ind. Jan. 27, 2016) (denying defendant's motion to dismiss indictment charging him with § 924(c) offense based on a Hobbs Act robbery); *United States v. Pena*, 2016 WL 690746, *8 (S.D.N.Y. Feb. 11, 2016) (same); *United States v. Coleman*, 2016 WL 1435696, *2-3 (N.D. Ill. Apr. 12, 2016) (same); *United States v. Williams*, 179 F. Supp. 3d 141, 144– 55 (D. Me. Apr. 15, 2016) (same); *United States v. McCallister*, 2016 WL 3072237, *1 (D.D.C. May 31, 2016) (same); *United States v. Barrows*, 2016 WL 4010023, *2–6 (D. Nev. July 25, 2016) (same); *United States v. Nguyen*, 2016 WL 4479131, *2–3 (D. Kan. Aug. 25, 2016); *United States v. Davis*, 2016 WL 6473074, *4 (N.D. Cal. Nov. 2, 2016); *see also United States v. Evans*, __ F.3d __, No. 16-4094 (4th Cir. Feb. 2, 2017) (holding that federal carjacking, which can be accomplished "by force and violence or by intimidation," qualifies as a crime of violence under § 924(c)).

[15] ECF No. 200.

[16] Because Hobbs Act robbery qualifies under the more demanding standard set out in *Johnson*, I assume for this order that § 924(c)'s definition of "physical force" requires the force to be "violent."

[17] *United States v. Johnson*, 2016 WL 7223264, at *3 (C.D. Cal. Dec. 12, 2016); *see also United States v. Casas*, 2017 WL 1008109, at *3 (S.D. Cal. Mar. 14, 2017); *United States v. Bailey*, 2016

committed with de minimis force—and I am not persuaded there is—Hall must demonstrate that there is "a realistic probability, not a theoretical possibility" that this is so.[18] "To show that realistic probability, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the [ ] courts in fact did apply the statute in the . . . manner for which he argues."[19]

Hall has not demonstrated a reasonable likelihood that anyone can be convicted for Hobbs Act robbery using de minimis force. He was using a firearm, so the sort of force he was threatening is far from de minimis. And Hall does not offer a single case in which someone was convicted for Hobbs Act robbery using de minimis force. Instead, he relies on different crimes or cases about common law robbery, none of which demonstrates that criminal defendants using de minimis force are being convicted of Hobbs Act robbery.

I thus deny Hall's § 2255 motion.[20] His conviction for Hobbs Act robbery qualified—and still qualifies—as a crime of violence under 924(c)'s force clause, so Hall was properly convicted and sentenced.

## B.  Certificate of Appealability

To appeal this order, Hall needs a certificate of appealability from a circuit or district judge.[21] In deciding whether to grant one, I consider if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."[22] This standard is

---

WL 3381218, at *4-5 (C.D. Cal. June 8, 2016); *United States v. Lenzy*, 2016 WL 1019712, at *3 (N.D. Ga. Feb. 4, 2016); *United States v. Williams*, 179 F. Supp. 3d 141, 151-52 (D. Me. 2016).

[18] *Moncrieffe v. Holder*, 133 S. Ct. 1678, 1685 (2013) (quotation omitted).

[19] *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007).

[20] The parties also dispute whether Hall is procedurally barred from bringing this § 2255 motion and whether *Johnson* should be extended to § 924(c)'s residual clause. I need not—and do not—reach these questions because Hall's motion fails even if I assume that his challenge is proper and *Johnson* invalidates § 924(c)'s residual clause.

[21] 28 U.S.C. § 2253(c)(1)(B); Fed. R. App. P. 22(b)(1); 9th Cir. R. 22–1(a).

[22] *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000) (quotation omitted).

"lenient."[23]

Although I have endeavored to be true to the Ninth Circuit guidance in this order, the truth is, when applying the "hopeless tangle" "of inconsistent case law" that makes up the categorical test, reasonable jurists rarely agree on anything.[24] I follow the Ninth Circuit's lead in holding that Hobbs Act robbery qualifies as a crime of violence, but other courts have held otherwise. I thus grant Hall a certificate of appealability.

### Conclusion

Accordingly, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the defendant's motions to vacate **[ECF Nos. 197, 200] are DENIED.**

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED**.

Dated this 17th day of May, 2017

_____
Jennifer A. Dorsey
United States District Judge

---

[23] *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc).

[24] *United States v. Ladwig*, 192 F. Supp. 3d 1153 (E.D. Wash. 2016) (noting that this test "has stymied law clerks and judges alike in a morass of inconsistent case law").