UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| United States of America,<br><br>    Plaintiff<br><br>v.<br><br>Michael Hall,<br><br>    Defendant | Case No.: 2:12-cr-00132-JAD-CWH<br><br>**Order Denying Motion for Compassionate Release & Granting Motion to Seal**<br><br>[ECF Nos. 360, 361] |

    Counseled inmate Michael Hall moves for compassionate release because of the disparity between his sentence and those of his co-defendants, the hardship he has experienced in prison due to difficulty receiving care for his medical conditions, and his risk of COVID-19 reinfection. The government opposes the motion, arguing that Hall has not demonstrated he is entitled to a sentence reduction similar to his co-defendants', he is receiving adequate medical care, and he is not at increased risk for complications from COVID-19. Although I recognize and sympathize with the challenges Hall faces in prison, after considering the relevant factors under 18 U.S.C. § 3553(a), I deny his motion because a reduction of his sentence is unwarranted.

## Background

    In 2012, Hall was the getaway driver in a string of four robberies that ended in a high-speed chase through a residential neighborhood.[1] In 2014, he pled guilty to four counts of interference with commerce by robbery under the Hobbs Act[2] and one count of brandishing a firearm in furtherance of a crime of violence under 18 U.S.C. § 924(c).[3] At sentencing, I varied

---

[1] ECF No. 220 at 22.
[2] 18 U.S.C. § 1951.
[3] ECF No. 150.

downward from the Sentencing Guidelines and sentenced Hall to 194 months imprisonment.[4] The Bureau of Prisons' (BOP) website reflects June 2, 2026, as his release date.[5] Two of Hall's co-defendants, Delon Hunter and William Bonaparte, pled guilty to three counts of interference with commerce by robbery and one count of conspiracy to interfere with commerce by robbery under the Hobbs Act. They also pled guilty to one count of brandishing a firearm during a crime of violence under § 924(c). Unlike Hall, their § 924(c) counts were tied to Hobbs Act conspiracy charges rather than Hobbs Act robbery. In July 2017, I vacated their § 924(c) sentences because Hobbs Act conspiracy only qualifies as a crime of violence under a § 924(c) clause that has since been deemed unconstitutionally vague. The same is not true of Hobbs Act robbery.

      Hall contends that because his § 924(c) sentence was not similarly vacated, his sentence is now disproportionate to his co-defendants' sentences. Hall has several medical and mental-health conditions, including diagnoses of depression and bipolar disorder, a suicide attempt while incarcerated, keratoconus, and dental pain and fractures.[6] He claims that the BOP's treatment of his conditions has been inconsistent and inadequate. Although he has had two doses of an mRNA vaccine, he claims that he is at greater risk of COVID-19 re-infection due to his incarceration and the rise of the delta variant. He moves for an order reducing his sentence, arguing that these conditions are "extraordinary and compelling reasons"[7] for a reduction.

---

[4] *See* ECF No. 220.

[5] *Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gove/inmateloc/ (last visited September 28, 2021).

[6] *See* ECF No. 360 at 16–22.

[7] 18 U.S.C. § 3582(c)(1)(A)(i).

2

**Discussion**

The compassionate-release provision of 18 U.S.C. § 3582(c)(1)(A)(i), as amended by the First Step Act of 2018, permits a sentencing judge to reduce a sentence based on "extraordinary and compelling reasons" once the defendant has failed to get the BOP to bring such a motion on his behalf, or once 30 days have passed since the warden of the facility where the defendant is held denies his request.[8] The court must consider any applicable factors under 18 U.S.C. § 3553(a), which include: (1) "the nature and circumstances of the offense"; (2) "the history and characteristics of the defendant"; (3) "the need for the sentence imposed to reflect the seriousness of the offense" and to "protect the public from further crimes of the defendant"; and (5) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct."[9] And while a court must also consider whether a sentence reduction is "consistent with applicable policy statements issued by the Sentencing Commission,"[10] because "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant," the "Commission's statements in U.S.S.G. § 1B1.13 may inform a district court's discretion . . . but they are not binding."[11]

Assuming without deciding that Hall has demonstrated extraordinary and compelling circumstances warranting release, I deny his motion because the sentencing factors under

---

[8] 18 U.S.C. § 3582(c)(1)(A)(i). The parties do not dispute that Hall's motion is ripe for review. *See* ECF Nos. 360 at 12; 364 at 4–5 (response).
[9] 18 U.S.C. § 3553(a).
[10] 18 U.S.C. § 3582(c)(1)(A)(i).
[11] *United States v. Aruda*, 993 F.3d 797, 802 (9th Cir. 2021).

3

§ 3553(a) do not support his request.[12]  Hall argues that an unwarranted sentencing disparity was created when his co-defendants' motions to vacate were granted and his was not.  Section 924(c) criminalizes using or carrying a firearm in relation to a "crime of violence" and imposes mandatory, consecutive minimum sentences.  The statute originally defined offenses as crimes of violence if they met the definitions under either § 924(c)(3)(A)—the force clause—or § 924(c)(3)(B)—the residual clause.  The residual clause has since been ruled unconstitutionally vague.[13]  To qualify as a crime of violence, therefore, the crime must meet the definition under the force clause:  a felony that "has as an element the use, attempted use, or threatened use of physical force against the property of another."[14]  I vacated Hall's co-defendants' sentences because their § 924(c) sentences were based on Hobbs Act conspiracy, which does not qualify as a crime of violence under § 924(c)'s force clause.[15]  Hall's sentence was not vacated because his § 924(c) sentence was based on Hobbs Act robbery, which satisfies the force clause definition.[16]  Although this legal discrepancy results in disparate sentences, the reasoning behind his co-defendants' sentence reductions does not apply to Hall's sentence and does not entitle him to a similar reduction.

When I consider Hall's sentence even in light of this development, I do not find that compassionate release is warranted.  At Hall's sentencing, I considered the nature and

---

[12] *United States v. Keller*, 2 F.4th 1278, 1284 (9th Cir. 2021) ("[A]lthough a district court must perform this sequential inquiry before it grants compassionate release, a district court that properly denies compassionate release need not evaluate each step.").

[13] *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019).

[14] § 924(c)(3)(A).

[15] *United States v. Hunter*, 2017 WL 3159985, at *2, *5 (D. Nev. July 25, 2017); *United States v. Bonaparte*, 2017 WL 3159984, at *2, *5 (D. Nev. July 25, 2017).

[16] *United States v. Dominguez*, 954 F.3d 1251, 1261 (9th Cir. 2020).

circumstances of his offense, his history and characteristics, and his efforts to better himself once in custody.  The guideline range for his Hobbs Act robbery charges at the time of sentencing was 130 to 162 months.  But I varied downward from the guidelines and found that a sentence of 110 months on the Hobbs Act robbery counts, plus 84 months to run consecutively to the § 924(c) count, was sufficient but not greater than necessary to comply with the purposes of sentencing.[17] Hall has served approximately 112 months of his 194-month sentence.  Because I already varied downward at his sentencing, granting Hall's motion would create an unwarranted sentencing disparity "in sentences imposed for similar criminal offenses committed by similar offenders."[18]

      Hall points to his participation in rehabilitation programs and employment opportunities offered by the BOP as evidence of his rehabilitation, but he claims that with COVID-19 lockdown measures, he is unable to access these programs.  He also avers that he is unable to obtain adequate mental-health and medical treatment in prison because of COVID-19.  He argues that these circumstances support compassionate release.  I commend Hall for his rehabilitation efforts and recognize the challenges he faces obtaining treatment for his conditions while incarcerated.  I realize that those challenges have been exacerbated by the COVID-19 pandemic.  But the challenges he faces in prison, when weighed against the other § 3553(a) factors, do not swing in favor of release.  The sentence he received remains sufficient but not greater than necessary despite the pandemic and the challenges it presents.  So I deny Hall's motion.

## Conclusion

IT IS THEREFORE ORDERED that Hall's motion for compassionate release **[ECF No. 360] is DENIED.**

---

[17] ECF 220 at 23.

[18] U.S. Sentencing Guidelines Manual § 1A3 (U.S. Sentencing Comm'n 2018).

1 | IT IS FURTHER ORDERED that Hall's unopposed motion to file his medical records
2 | under seal **[ECF No. 361] is GRANTED** because these records contain private medical
3 | information, outweighing the public's interest in access to them. The Clerk of Court is directed
4 | to **maintain the seal on ECF No. 360-1 (BOP medical records)**.

_____
U.S. District Judge Jennifer A. Dorsey
October 4, 2021